MAUD HACKETT, Plaintiff, *v.* ALEX GERBER, Defendant.

City Court of New York, New York County, April 1, 1931.

*Jacob I. Polstein,* for the plaintiff.

*O'Brien, Malevinsky & Driscoll,* for the defendant.

RYAN, J. Proposed amendment 3 is disallowed. The matter sought to be stricken from the proposed case is the application of the defendant and the affidavit submitted in support thereof for a postponement of the trial on the ground of the absence of a material witness. The application was made to the justice presiding at the calendar part and apparently was denied by him, for the case was sent for trial to the part over which I presided. Defendant there renewed his application for postponement, which the court refused to entertain, upon the ground that it was without power, inasmuch as the justice presiding in the calendar part had already passed thereon. The trial thereupon proceeded, resulting in a verdict for plaintiff.

Defendant is appealing from the judgment entered thereon and has incorporated in his proposed case on appeal said application for postponement made by him to the justice presiding in the calendar part. No appeal lies directly from the refusal of the justice in the calendar part to grant the postponement requested. The defendant upon such refusal had the option of withdrawing from the trial and allowing an inquest to be taken or proceeding with the trial and afterwards upon a case containing the affidavits used on the motion and his exception to the decision, moving at Special Term for a new trial. The determination could also be reviewed upon the appeal from the judgment. (*Gregg* v. *Howe,* 5 J. & S. 420.) Unfortunately, the record of the proceedings before the justice presiding in the calendar part does not seem to be complete. It shows that an application was made for postponement and that an affidavit in support thereof was presented. Whether opposing affidavits were submitted or statements made to the court does not appear nor does the record show that exception was taken to the denial of the request for adjournment.

In order, however, that defendant may not be prejudiced and that the complete record may be presented to the appellate court, I deem it proper to permit the matter sought to be stricken out to be incorporated in his proposed case.